# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **NATIONWIDE GENERAL INSURANCE COMPANY, and NATIONWIDE MUTUAL INSURANCE COMPANY,**<br>    Plaintiffs–Counterclaim Defendants,<br><br>v.<br><br>**DAVID N. HOPE, and TAMMY S. HOPE,**<br>    Defendants–Counterclaim Plaintiffs, | **Case No. 4:21-cv-930-CLM** |

## MEMORANDUM OPINION AND ORDER

Nationwide brought a declaratory-judgment action to determine its rights and obligations to David and Tammy Hope under three insurance policies. (Doc. 1). Nationwide wants to know whether it has a duty to defend and indemnify the Hopes in a tort lawsuit in Alabama state court, considering coverage exclusions within the insurance policies. (*Id.* at 17). In response to this action, the Hopes brought three counterclaims—breach of contract, bad faith, and conspiracy to defraud. (Doc. 14). This opinion and order resolves Nationwide's motion to dismiss those counterclaims. (Doc. 19). For the reasons below, the Court **grants** Nationwide's motion and **dismisses** the Hopes counterclaims without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

On a motion to dismiss counterclaims, the Court accepts the counterclaim plaintiffs' well-pleaded allegations as true and makes all reasonable inferences in their favor. *Crowder v. Delta Air Lines, Inc.*, 963 F.3d 1197, 1202 (11th Cir. 2020). The Court "may consider an extrinsic document" attached to (or cross referenced by) a motion to dismiss if it is "central to the [counterclaim] plaintiff's claim" and "its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

### I.   Factual background

Nationwide issued three insurance policies to the Hopes: two homeowner policies and an umbrella policy. (Doc. 14 at 6 ¶¶ 5–7). The homeowner policies covered each of the Hopes' two residences. (*Id.* ¶¶ 5–6). And the umbrella policy provided excess personal-liability coverage. (*Id.* ¶ 7). But each policy excluded coverage for injuries that arose from business operations on the insureds' properties. (*See* doc. 1 at 12–15).[1]

During the coverage periods for all three policies, a man named Cecil Chapman entered one of the Hopes' properties "to pick up a firearm that he had shipped to Insured David Hope." (Doc. 14 at 7 ¶¶ 8–9). There, the Hopes' dog bit Chapman, (*id.* ¶ 8), which prompted Chapman to sue David Hope in Alabama state court, (*id.* ¶ 11).

The Hopes contacted Nationwide about coverage (that is, a legal defense and indemnification) for the state-court lawsuit. (*Id.* ¶ 12). And Nationwide "initially provided an attorney to [David Hope] for the Underlying Litigation." (*Id.* ¶ 13). The counterclaim complaint does not allege that Nationwide has since withdrawn its defense in the state-court action.

---

[1] The counterclaim complaint does not provide the policies' relevant exclusions. (Doc. 14). But Nationwide's declaratory-judgment complaint does. (Doc. 1). The Court will consider the declaratory-judgment complaint (an extrinsic document) because (1) the exclusions are central to each of the Hopes' counterclaims; (2) the counterclaim complaint references the policies (but not the exclusions); and (3) the Hopes do not challenge the authenticity of the declaratory-judgment complaint or the language of the policies. *See SFM Holdings*, 600 F.3d at 1337.

## II.     Procedural background.

As the counterclaim complaint alleges, "Nationwide filed this current matter seeking Declaratory Judgment to not have to provide their contractually obligate insurance coverage." (*Id.* ¶ 13). That reference to the declaratory-judgment complaint (doc. 1) and the centrality of this action to the Hopes' counterclaims opens the door to the Court's reviewing Nationwide's complaint. *See SFM Holdings*, 600 F.3d at 1337.[2]

Nationwide seeks a declaration as to its rights and obligations under the insurance policies. (Doc. 1 at 17). It contends that no policy triggers duties to defend or indemnify David Hope in the state-court action because (1) the policies exclude coverage for injuries stemming from the David's "business" activities and (2) that Cecil Chapman's injury resulted from David "conducting business on the premises in his capacity as a firearms manufacturer and broker." (*Id.* at 4 ¶ 12, 8 ¶ 16, 12 ¶ 20). For their part, the Hopes allege that David was not conducting business activities at the time of Chapman's injury but was, instead, "doing a favor for a friend." (Doc. 14 at 7 ¶¶ 9–10).

The Hopes brought three counterclaims. The first is for breach of contract. (Doc. 14 at 7). They allege that "Nationwide has breached its contractual obligations owed to Insured under the contract *by bringing this action* and *refusing to provide coverage* to Insured." (*Id.* ¶ 15). The second is for bad faith. (*Id.* at 8). They allege that Nationwide intentionally "refuses to provide insurance benefits" without a reasonable basis and "intentionally failed and refused to investigate the basis" of the Hopes' coverage claim. (*Id.* ¶¶ 19–20). And the third is for conspiracy to defraud. (*Id.* at 9). They allege that Nationwide has "conspired to defraud" them by providing an attorney (thereby fraudulently representing that Nationwide would defend and indemnify them under the policy) while also suing to avoid coverage. (*Id.* ¶ 23).

Nationwide moved to dismiss the Hopes' counterclaims. (Doc. 19).[3]

---

[2] The Hopes do not challenge the authenticity of the declaratory-judgment complaint.

[3] The Hopes' counsel has informed the Court that David Hope has deceased. (Doc. 22). Nationwide has informed the Court that it intends "to substitute Tammy Hope as successor in

3

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Here, the Court accepts the counterclaim plaintiffs' well-pleaded allegations as true and makes all reasonable inferences in their favor. *Crowder*, 963 F.3d 1202. But those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And the Court disregards both legal conclusions and "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

The Court addresses each counterclaim in turn. For the reasons below, the Court **grants** Nationwide's motion to dismiss. (Doc. 19).

### I. Breach of Contract

To state a breach-of-contract claim under Alabama law, the Hopes must plausibly allege: (1) the existence of a valid, enforceable, and binding contract; (2) their own performance; (3) Nationwide's nonperformance; and (4) resulting damages. *State Farm Fire & Cas. Co. v. Williams*, 926 So. 2d 1008, 1013 (Ala. 2005). An insurance policy is a contract that establishes the respective rights and obligations to which the insurer and insured have agreed. *See Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co.*, 817 So. 2d 687, 691–92 (Ala. 2001). Nationwide argues that the Hopes have not plausibly alleged that it breached any of the insurance policies.

Like any run-of-the-mill contract claim, the Hopes must identify a contractual obligation that Nationwide failed to perform. The Hopes' counterclaim complaint offers two abstract breaches. First, they allege

---

interest to David Hope for the claims asserted by him and against him by Nationwide." (Doc. 25). That substitution does not affect this Court's ability to rule on the motion to dismiss.

that Nationwide breached the policies "by bringing this [declaratory-judgment] action." (Doc. 14 at 7 ¶ 15). And second, they allege that Nationwide breached the policies "by refusing to provide coverage" in the state-court action. (*Id.*). Those allegations fall short.

1. That Nationwide filed this declaratory-judgment action is not (on its own) enough to support the breach element.

To begin, a declaratory-judgment action is a tool (especially prominent in insurance litigation) that parties often use to determine their rights and obligations *before* a breach occurs. A well-known insurance-law treatise explains that declaratory-judgment actions "serv[e] to set controversies at rest before obligations are repudiated, rights are invaded, or wrongs are committed." COUCH ON INSURANCE § 232:46 (3d ed. June 2022 Update). And WRIGHT & MILLER, a preeminent treatise for litigation in federal courts, explains that

> the declaratory-judgment remedy . . . gives a means by which rights and obligations [of the parties] may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy and in cases in which a party who could sue for coercive relief has not yet done so.

CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, 10B FEDERAL PRACTICE & PROCEDURE § 2751 (4th ed. April 2022 Update).

So absent some enforceable prohibition on seeking declaratory relief, Nationwide's filing of this action is not itself evidence of a breach. For its part, the Hopes have not alleged that any of the policies prohibited seeking declaratory relief. And they have not explained how it violated their rights under the insurance policies for Nationwide to ask the Court to determine whether coverage exclusions preclude a duty to defend and indemnify the Hopes in the state-court action. Its mere allegation that Nationwide "breached its contractual obligations owed to Insured under the contract by bringing this action," (doc. 14 at 7 ¶ 15), is a "legal conclusion" not entitled to weight, *Iqbal*, 556 U.S. at 678. Accordingly, the

Hopes have not plausibly alleged that Nationwide breached any policy by filing this declaratory-judgment action.

2. The Hopes' allegation that Nationwide breached the policies "by refusing to provide coverage to Insured" is not a plausible allegation of a breach, either. To comply with the plausibility standard that the Supreme Court set forth in *Iqbal* and *Twombly*, the Hopes must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, and those allegations must "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555. Drawing on "judicial experience" and "common sense," *Iqbal*, 556 U.S. at 679, the Hopes' allegation falls short.

The counterclaim complaint says that "Nationwide has breached its contractual obligations owed to Insured under the contract[s] by . . . refusing to provide coverage to Insured." (Doc. 14 at 7 ¶ 15). But the rest of the counterclaim complaint belies (and, indeed, contradicts) that allegation. The Hopes acknowledge that Nationwide provided counsel (that is, coverage) in the state-court action. (Doc. 14 at 7 ¶ 13). And they never allege that Nationwide has ceased providing counsel. Nor do they allege that Nationwide has communicated an intent to withdraw its defense of the Hopes. (And there is little basis to believe they could make those allegations in good faith.) To the extent that the Hopes imply that Nationwide's filing this declaratory-judgment action amounts to a "refusal," the Court disagrees. Nationwide asking a court to determine its rights and obligations *prior to* a breach is not itself a refusal (absent some contractual prohibition on seeking declaratory relief). If anything, filing the declaratory-judgment action reflects a careful endeavor to make sure that Nationwide *doesn't* breach the contract. In sum, beyond the categorical and conclusory assertion that Nationwide has "refused" to cover the Hopes, there is no basis in the complaint to say or infer that it has done so. And, as a result, the counterclaim complaint does not contain "sufficient factual matter," *Iqbal*, 556 U.S. at 678, to suggest that Nationwide has breached the contract by refusing to represent the Hopes.

In sum, the counterclaim complaint does not plausibly allege Nationwide's "nonperformance" (that is, a breach) of any of the insurance

6

policies. *See State Farm*, 926 So. 2d at 1013. So the Court **dismisses** the breach-of-contract claim **without prejudice**.

## II. Bad Faith

Alabama has one tort of bad faith that can be proved with either of two theories: normal or abnormal. *White v. State Farm Fire & Cas. Co.*, 953 So. 2d 340, 348 (Ala. 2006).

Normal bad faith is based on "the absence of any reasonably legitimate or arguable reason for denial of a claim." *Id.* at 349. The elements for a normal bad-faith claim are (1) an insurance contract that the defendant breached; (2) an intentional refusal to pay the insured's claim; (3) the lack of any reasonably legitimate or arguable reason for that refusal; and (4) the insurer's actual knowledge of the lack of any legitimate or arguable reason. *Nat'l Sec. Fire & Cas. Co. v. Bowen*, 417 So. 2d 179, 183 (Ala. 1982).

Abnormal bad faith is based on the insurer's intentional or reckless failure "to conduct an adequate investigation of the facts and submit those facts to a thorough review." *Mut. Serv. Cas. Ins. Co. v. Henderson*, 368 F.3d 1309, 1315 (11th Cir. 2004) (Alabama law). To prove an abnormal bad faith claim, the plaintiff must prove the same four elements he must prove for normal bad faith plus "the insurer's intentional [or reckless] failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim." *State Farm Fire & Cas. Co. v. Brechbill*, 144 So. 3d 248, 257 (Ala. 2013). Particularly important here, for either form of bad faith, "the plaintiff has always had to prove that the insurer breached the insurance contract." *White*, 953 So. 2d at 348.

The Hopes allege that Nationwide (1) intentionally "refuses to provide insurance benefits" to the Hopes "[w]ithout a reasonable basis"; and (2) "intentionally failed and refused to investigate the basis of Insured's claim for insurance benefits." (Doc. 14 at 8 ¶¶ 19–20). But these allegations are impermissible "threadbare recitals of the elements of [the] cause of action." *Iqbal*, 556 U.S. at 678. The counterclaim complaint does not contain "sufficient factual matter," taken as true, to permit an

inference that Nationwide denied coverage without a reasonable basis *or* that it refused to investigate the basis of the coverage claim. *See id.*

The counterclaim complaint similarly does not plausibly allege facts to support a finding that Nationwide breached an insurance policy, an element of both forms of bad faith. *See White*, 953 So. 2d at 348. As a result, the bad-faith claim fails for the same reasons as the breach-of-contract claim.

For these reasons, the Court **dismisses** the bad-faith claim **without prejudice**.

### III. Conspiracy to Defraud

In Alabama, "civil conspiracy" is "a substantive tort," *DGB, LLC v. Hinds*, 55 So. 3d 218, 234 (Ala. 2010). Civil conspiracy "is a combination of two or more persons to do: (a) something that is unlawful; [or] (b) something that is lawful by unlawful means." *Id.* To prevail, "a plaintiff must prove a concerted action by two or more people that achieved an unlawful purpose or a lawful end by unlawful means." *Luck v. Primus Auto. Fin. Servs., Inc.*, 763 So. 2d 243, 247 (Ala. 2000). And there must be "a valid underlying cause of action," such as fraud. *DGB, LLC*, 55 So. 3d at 234. The function of the tort is to "extend, beyond the active wrongdoer, liability in tort to actors who have merely assisted, encouraged, or planned the wrongdoer's act." *Id.* (citation omitted).

The Hopes allege that Nationwide "conspired to provide Insured with Counsel to represent Insured in the Underlying Litigation, thereby fraudulently representing to Insured that Nationwide would defend and indemnify Insured under their policy." (*Id.* ¶ 23). And at the same time, the Hopes say, Nationwide "conspired to take and file a declaratory judgment [action] against Insured, the above styled litigation, and in such seek to deny coverage on the same insurance policies." (*Id.*).

This claim fails for two reasons.

First, the counterclaim complaint does not allege a co-conspirator. *See Luck*, 763 So. 2d at 247. With whom did Nationwide conspire to

8

defraud the Hopes? The counterclaim complaint doesn't say. And without that information, the claim fails. *See id.*

Second, the counterclaim complaint doesn't identify a valid underlying cause of action. *DGB, LLC*, 55 So. 3d at 234 (explaining that a "conspiracy claim must fail if the underlying act itself would not support an action"). The counterclaim complaint alleges that Nationwide—by providing counsel in state court—"fraudulently [mis]represent[ed]" that it would defend and indemnify the Hopes. (Doc. 14 at 9 ¶ 23). But neither the counterclaim complaint nor the Hopes' briefing explains how Nationwide's provision of counsel (while planning to ask this Court to determine its rights and obligations) amounts to a misrepresentation. And the Hopes allegations fall short of Rule 9's command that parties alleging "fraud" must allege "with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). The Hopes haven't pleaded non-conclusory factual allegations that would support an underlying fraudulent-misrepresentation claim, much less with the particularity that Rule 9 demands. As a result, their civil-conspiracy claim fails.

\* \* \*

The counterclaim complaint does not plausibly allege Nationwide's liability for breach of contract, bad faith, or conspiracy to defraud. Accordingly, the Court **grants** Nationwide's motion to dismiss (doc. 19) by dismissing each of the Hopes' counterclaims without prejudice.

**DONE** and **ORDERED** on July 5, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE